UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIELLE DEANE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:23 CV 972 CDP |
| | ) | |
| GMRI, INC., d/b/a THE OLIVE | ) | |
| GARDEN ITALIAN RESTAURANT, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>MEMORANDUM AND ORDER</u>

Plaintiff was injured when a sheet of ice fell from the roof of an Olive

Garden and struck her as she was leaving the restaurant.  The operator of the

premises, defendant GMRI, Inc., now seeks summary judgment on plaintiff's

Missouri premises liability claim on the ground that it had no knowledge of the

dangerous condition.[1]  I will deny the motion for summary judgment as genuine

disputes of material fact remain.

Under Missouri law, defendant "owes a duty to use reasonable and ordinary

care to prevent injury to invitees" such as plaintiff.  *State ex rel. Union Elec. Co. v.*

*Dolan*, 256 S.W.3d 77, 83 (Mo. 2008).  To prevail on a claim of premises liability

---

[1] This case was removed here from state court based on diversity jurisdiction. ECF 1.  The parties agree that Missouri law applies to plaintiff's claim.

under Missouri law, plaintiff must prove: 1) a dangerous condition existed on defendant's property which involved an unreasonable risk, 2) defendant knew, or by using ordinary care should have known, of the dangerous condition, 3) defendant failed to use ordinary care in removing or warning of the danger, and 4) plaintiff was injured as a result of the dangerous condition. *Steward v. Baywood Villages Condo. Assoc.*, 134 S.W.3d 679, 682 (Mo. Ct. App. 2004).

Summary judgment must be granted when the pleadings and proffer of evidence demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a), (c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986); *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011). I must view the evidence in the light most favorable to the nonmoving party and accord her the benefit of all reasonable inferences. *Scott v. Harris,* 550 U.S. 372, 379 (2007). My function is not to weigh the evidence but to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the burden of informing the Court of the basis of its motion and demonstrating the absence of an issue for trial. *Celotex Corp.*, 477 U.S. at 323. Once a motion is properly made and supported, the nonmoving party must either proffer evidence in the record that demonstrates a genuine issue of material fact or show that the moving party's proffer does not establish the absence

of a genuine dispute. Fed. R. Civ. P. 56(c)(1); *Anderson*, 477 U.S. at 248; *Conseco Life Ins. Co. v. Williams,* 620 F.3d 902, 910 (8th Cir. 2010); *Howard v. Columbia Pub. Sch. Dist.,* 363 F.3d 797, 800-01 (8th Cir. 2004). The substantive law determines which facts are critical and which are irrelevant. *Anderson*, 477 U.S. at 248. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Id.*

In determining a motion for summary judgment, I consider only those facts that can be supported by admissible evidence. Fed. R. Civ. P. 56(c); *Woods v. Wills*, 400 F. Supp. 2d 1145, 1175-76 (E.D. Mo. 2005). Testimony that would not be admissible is ignored. *Shaver v. Independent Stave Co.*, 350 F.3d 716, 723 (8th Cir. 2003). Accordingly, speculation, personal opinion, and legal conclusions are not "facts" upon which a party may rely for summary judgment purposes. *See Benford v. Grisham*, No. 1:18CV5 JMB, 2020 WL 569871 (E.D. Mo. Feb. 20, 2020).

Under these standards, summary judgment must be denied. The sole evidence offered by defendant in support of its argument that it had no knowledge of the ice on the roof prior to plaintiff's accident is the affidavit of its paralegal, which states as follows:

COMES NOW, Affiant, Brittany Collins, being first duly sworn according to law, and states that the following is true to the best of the Affiant's knowledge and belief:

1. My name is Brittany Collins.  I am a paralegal for GMRI, Inc.  The information in this affidavit includes knowledge and information of the defendant, its agents and representatives, and also may include information obtained from documents, records and information exchanged in discovery proceedings.

2. Prior to the February 7, 2020, ice and snow incident alleged in plaintiff Danielle Deane's Petition for Damages, defendant GMRI, Inc. did not observe or receive notice of an ice and snow condition on the roof of the Olive Garden restaurant subject of this lawsuit that allegedly subsequently fell from the roof and struck the plaintiff.

3. Prior to the February 7, 2020, ice and snow incident alleged in the plaintiff's Petition for Damages, defendant GMRI, Inc. did not observe or receive notice of any incidents in which ice and snow fell from the roof of the Olive Garden restaurant subject of this lawsuit and struck persons who were traveling on external sidewalks or other areas reserved for pedestrian traffic.

4. Prior to the February 7, 2020, ice and snow incident alleged in the plaintiffs Petition for Damages, defendant GMRI, Inc. did not observe or receive notice of any incidents in which ice and snow fell from the roof of the Olive Garden restaurant subject of this lawsuit and struck the external sidewalks or other areas reserved for pedestrian traffic.

FURTHER THE AFFIANT SAYETH NAUGHT.

ECF 50-4.   This affidavit is not sufficient to discharge defendant's initial burden

under Rule 56, Fed. R. Civ. P., of demonstrating that no genuine issue of material

fact exists and that the moving party is entitled to judgment as a matter of law as it

is not admissible evidence.  It is, instead, conclusory hearsay.

The affiant was not a witness to plaintiff's accident and her affidavit is not

based on personal knowledge as required by Rule 56(c)(4), Fed R. Civ. P.  Instead,

she states that the affidavit is true "to the best of" her "knowledge and belief" and

4

then says it is based on information from defendant's unspecified "agents and representatives" and "may" include information from unspecified "documents, records and information exchanged in discovery proceedings." This is wholly insufficient to support a motion for summary judgment. She does not aver that she is an officer, director, managing agent, or designee of defendant, she does not purport to be a custodian of records for defendant, and her testimony does not sufficiently describe or rely upon records which meet any of the listed exceptions to the rule against hearsay as set out in Rule 803, Fed. R. Evid. Nor does the affidavit purport to meet any of the other exceptions to Rule 802's rule against hearsay.[2] The affidavit is inadmissible evidence that cannot be relied upon by the Court when deciding a motion for summary judgment.

Defendant offers no admissible evidence demonstrating that it did not know, or by using ordinary care could not have known, of the dangerous condition. That plaintiff and her dining companion did not alert defendant of the ice when they entered the restaurant is not sufficient to meet defendant's burden on this issue given that premises owners have a duty to inspect their property for dangerous conditions under Missouri law.[3] *See Bartel v. Central Mkts., Inc.*, 896 S.W.2d 746, 748 (Mo. Ct. App. 1995). Whether a restaurant knew or reasonably could

---

[2] It also cannot be considered a statement that is not hearsay under Fed. R. Evid. 801.

[3] Defendant does not argue that the ice on the roof was an "open and obvious" danger.

have known of dangerous ice on the roof during the type of winter weather alleged in this case is a factual dispute that can only be determined by a jury.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for summary judgment [48] is denied.

**IT IS FURTHER ORDERED** that this case remains set for **jury trial** on **November 4, 2024, at 9:00 a.m. in Courtroom 10-South** and the parties' pretrial submissions remain due as ordered in the case management order (ECF 24). **Pursuant to Local Rule 8.04 the Court may tax against one or all parties the per diem, mileage, and other expenses of providing a jury for the parties, when the case is terminated or settled by the parties at a time too late to cancel the jury attendance or to use the summoned jurors in another trial, unless good cause for the delayed termination or settlement is shown.**

**IT IS FURTHER ORDERED** that a **final pretrial conference** will be held on **Tuesday, October 29, 2024 at 1:00 p.m.** in Courtroom 10-South.

_Catherine D. Perry_
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 25th day of September, 2024.

6